**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

BOSTON, MA                                                                                                  CIVIL ACTION NO.

| | |
|---|---|
| Veronica Dyer, as she is Administrator of the Iron Workers District Council of New England Pension Health and Welfare, Annuity, Vacation, Education Funds, and other Funds, ("Ms. Dyer" or "Plaintiff"), Plaintiff, <br><br>v. <br><br>New England Building & Bridge Company, Inc., ("NEBBCO"), Defendant. | **COMPLAINT** |

### INTRODUCTION

1. Plaintiff Ms. Dyer, as Administrator, brings this action pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 USC §§1132(a)(3) and (d)(1) and 1145, and §301 of the Labor Management Relations Act, as amended, 29 USC §185 ("LMRA"), to collect delinquent contributions and interest owed to employee benefit plans and funds recited in the above caption ("Benefits Funds") and referenced in the collective bargaining agreement ("CBA") attached at Exhibit A. Exhibit A (CBA).

### JURISDICTION & VENUE

2. This Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 USC §1132(a), (e) and (f), and §301 of the LMRA, 29 USC §185, without respect to the amount in controversy or the citizenship of the parties.

3. The CBA at ¶11 recites that the Parties submit to venue for such lawsuits to this Massachusetts Federal District Court. Exhibit A (CBA), at ¶11.

### PARTIES

4. Plaintiff Ms. Dyer administers the Benefits Funds from the Funds' business office located at 161 Granite Avenue, Dorchester, MA 02124.

5. Defendant NEBBCO is a Rhode Island corporation with its principal place of business at 388 Veazie Street, Providence, RI 02904 and lists with the Secretary of the Commonwealth of Massachusetts a Registered Agent as Edward Goff, 87 Cushing Road, Cohasset, MA 02025.

## FACTS

6. The Benefits Funds are jointly-trusteed, multi-employer plans within the meaning of §3(3) of ERISA, 29 USC §1002(3).

7. NEBBCO is an employer engaged in commerce within the meaning of §§3(5) and (12) of ERISA, 29 USC §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 USC §185, and the NLRA, at §152(2).

8. NEBBCO executed and is bound by the CBA.

9. The CBA includes obligations to make ERISA and other contributions timely into the Benefits Funds for each hour worked by any employee employed by NEBBCO where that labor is covered by the CBA.

10. More specifically, the CBA requires all contributions to be paid on payday of each week during which any NEBBCO employee performs labor covered by the CBA ("Covered Work").

11. NEBBCO's CBA-covered employees performed Covered Work, upon information and belief, on a project known as the Bristol Prudence Island Ferry Project ("Project") in Bristol, Rhode Island, between March 2020 to the date of this Complaint.

12. The CBA and Benefits Funds' trust instruments and other documents require that NEBBCO remit to Plaintiff each week signed payroll reports ("Remittance Reports")

reporting in detail, among other things, the names, dates, and hours worked by NEBBCO employees who perform Covered Work and the amounts NEBBCO agrees it owes as contributions for that Covered Work for each employee named.

13. Attached as Exhibit B are true and genuine copies of Remittance Reports that NEBBCO filed with Ms. Dyer. Exhibit B (NEBBCO Remittance Reports).

14. By way of those Remittance Reports, NEBBCO admitted that it owes Ms. Dyer at least $26,422.20 for Covered Work performed on or before July 18, 2020.

15. NEBBCO, however, failed and refused to pay timely contributions articulated on the NEBBCO Remittance Reports, which remains past due.

16. As of the date of this Complaint, NEBBCO owes Plaintiff for deposit into the Benefit Funds and other amounts, delinquent contributions and interest of at least $33,999.32 ($26,422.20 + $7,577.12 (respectively, contributions + interest)), plus, penalties, attorney fees, and costs, and other damages.

## COUNT I
(ERISA, Delinquent Contributions & Interest)

17. Plaintiff restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

18. When contributions are not made timely or remain delinquent the trust instruments require that interest accrue when contributions are not submitted timely and become delinquent, i.e., each week.

19. As a result of NEBBCO's delinquent contributions, NEBBCO owes interest, as of the date this Complaint was filed, of $7,577.12.

20. The failure of NEBBCO to make payment of all contributions owed for Covered Work, along with interest owed, as required by the terms of the CBA and trust instruments, violates §515 of ERISA, 29 USC §1145 and the CBA.

21. Absent an order from this Court, NEBBCO will continue to refuse to pay timely contributions to Ms. Dyer for the Benefit Funds. As a result, those funds and their plan participants will be irreparably harmed.

22. This is an action under ERISA to recover losses incurred by the Benefits Funds.

### COUNT II
(Breach of Labor Contract, 29 USC §185, 3rd Party-Beneficiary)

23. Plaintiff restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

24. NEBBCO failed to pay proper and timely wages and benefits obligated by the CBA for projects performed through July 18, 2020.

25. The failure of NEBBCO timely to pay proper wages, contributions, and interest owed violates the terms of the CBA and said violations have caused grave damages and loss to the Benefit Funds.

26. The Benefits Funds and Ms. Dyer are third-party beneficiaries of the CBA.

27. NEBBCO has breached the CBA by failing to pay Plaintiff amounts herein claimed due, plus interest, penalties, and other damages.

28. This is an action under 29 USC, §185 by Ms. Dyer for the Benefit Funds and other contributions, as a 3rd-Party beneficiary of the CBA to recover amounts past due and remedy harms caused by NEBBCO's continued failure to abide by the CBA.

### DEMAND FOR RELIEF
**WHEREFORE,** Plaintiff Ms. Dyer respectfully demands that this Court:

1. Enter judgment for Plaintiff against Defendant NEBBCO for damages, and add interest, liquidated damages, attorney fees and costs, as provided for in the CBA, ERISA, and 29 USC §185; and
2. Enter a preliminary and permanent injunction enjoining NEBBCO from operating while refusing or failing to abide by the CBA; and
3. Order the attachment of assets, including bank accounts, and accounts receivable belonging to NEBBCO; and
4. Provide such other and further relief as the Court may deem proper and just.

>Respectfully submitted,
>Plaintiff, Ms. Dyer, in her capacity as
>Administrator for the Trustees of the
>Benefits Funds,
>By her and their attorney,
>
>/s/ Mickey Long
>Mickey Long BBO# 634388
>P.O. Box E-1
>193 Old Colony Avenue
>Boston, MA 02127
>TEL: (617) 269-0229
>FAX: 617.765.4300

July 28, 2020                mickeylong@outlook.com

5